**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kimber Hollon**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Santorini Greek Café, LLC.**, an Arizona limited liability company, and **Fatos Alushaj and Sarah Kelly Alushaj**, a Married Couple, | |
| Defendants. | |

Plaintiff, Kimber Hollon ("Plaintiff" or "Kimber Hollon"), sues the Defendants,

Santorini Greek Café, LLC. and Fatos Alushaj and Sarah Kelly Alushaj ("Defendants" or

"Santorini Greek Café") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages and tips, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime premium of one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

3. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

4. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

5. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and tips in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

6. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

9.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

10.     At all material times, Defendant Santorini Greek Café, LLC. was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Santorini Greek Café, LLC. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

11.     At all relevant times, Defendant Santorini Greek Café, LLC. owned and operated as a franchisee of "Santorini Greek Café," a Greek restaurant and bar doing business in Pima County, Arizona.

12.     Under the FLSA, Defendant Santorini Greek Café, LLC. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Santorini Greek Café, LLC. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Santorini Greek Café in relation to the company's employees, Defendant Santorini Greek Café, LLC. is subject to liability under the FLSA.

13.     Defendants Fatos Alushaj and Sarah Kelly Alushaj are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Fatos Alushaj and Sarah Kelly Alushaj are owners of Santorini Greek Café and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.     Under the FLSA, Defendants Fatos Alushaj and Sarah Kelly Alushaj are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Fatos Alushaj and Sarah Kelly Alushaj had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the

-4-

interest of Santorini Greek Café's in relation to the company's employees, Defendants Fatos Alushaj and Sarah Kelly Alushaj are subject to individual liability under the FLSA.

15.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16.    Defendants, and each of them, are sued in both their individual and corporate capacities.

17.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23.    At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25.    Plaintiff, on information and belief, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

26.    Plaintiff, on information and belief, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

27.    At all relevant times, on information and belief, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

28.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

29.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

30.    Defendants own and/or operate as Santorini Greek Café, an enterprise doing business in Pima County, Arizona, that is Greek restaurant and bar.

31.    At all relevant times, Plaintiff worked for Defendants in the Tucson Metropolitan Area.

32.    Plaintiff was hired by Defendants and began working for them on approximately November 4, 2024.

33.    At all relevant times, Plaintiff worked for Defendants through approximately January 24, 2025.

34.    In total, Plaintiff worked approximately 12 workweeks as a server for Defendants.

35.    At all relevant times, in her work for Defendants, Plaintiff worked as a server for Defendants.

36.    When she began working for Defendants, Defendants, in their sole discretion, paid, or were supposed to pay, Plaintiff an hourly rate of $15.

37.    At some point later in her employment, Defendants, in their sole discretion, increased Plaintiff's hourly rate and paid, or were supposed to pay, Plaintiff an hourly rate of $17.

38.    Plaintiff was paid, or supposed to be paid, on a biweekly basis.

39.    Defendants classified Plaintiff as W-2 employee.

40.    As a server, Plaintiff generally interacted with customers, took orders, provided food and drinks, and generally engaged in customer-service-related duties.

41.    In doing so, Defendants' customers generally would tip Plaintiff in either cash or by designating a tip amount on their credit card receipts.

42.    Plaintiff received tips from customers every single shift she worked for Defendants.

43.    However, at all relevant times, Defendant Fatos Alushaj required Plaintiff to place all of her cash tips in a tip jar and to turn over all of her credit card tips directly to Defendant Fatos Alushaj.

-7-

44. While Plaintiff earned tips for the work she performed, Defendants did not allow her to keep any of the tips she earned and instead required Plaintiff to forfeit 100 percent of all tips she earned.

45. These tips were confiscated from Plaintiff – the person who earned them – and taken directly by Defendants.

46. As such, Defendants wrongfully withheld tips from Plaintiff by taking tips from Plaintiff and giving them directly to themselves.

47. Indeed, Defendants confiscated every single dollar in tips that Plaintiff earned and redirected those tips directly to Defendants.

48. Defendants violated the CAA and FLSA by not allowing Plaintiff to retain all (or any) of the tips she earned, in violation of 29 U.S.C. § 203(m).

49. As a result of Defendants' improper confiscation of all tips Plaintiff earned, Defendants violated 29 U.S.C. § 206(a).

50. As a result of Defendants' improper confiscation of all tips Plaintiff earned, Defendants violated the AMWA, A.R.S. § 23-363.

51. In or around December 2024, Defendants assigned Plaintiff to redesign the restaurant's menu.

52. Plaintiff spent approximately between seven and 10 hours redesigning Defendants' restaurant's menu.

53. Defendants did not pay Plaintiff any wages whatsoever for the work she performed redesigning Defendants' restaurant's menu.

54. To date, Defendants have still paid no wages whatsoever to Plaintiff for such time worked.

55. As a result of not having paid any wage whatsoever to Plaintiff for work she performed redesigning Defendants' restaurant's menu, Defendants failed to pay minimum wages due and owing to Plaintiff.

56. As a result of not having paid any wage whatsoever to Plaintiff for work she performed redesigning Defendants' restaurant's menu, Defendants failed to pay wages due and owing to Plaintiff.

57. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, ARS § 23-363.

58. As a result of Defendants' failure to compensate Plaintiff wages due and owing for such hours worked, Defendants violated the AWA, ARS § 23-350, et seq.

59. At all relevant times, in her work for Defendants, Plaintiff was a non-exempt employee.

60. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

61. Plaintiff is a covered employee within the meaning of the FLSA.

62. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for improperly taken tips, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b), 29 U.S.C. § 203(m), and the CAA.

64.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under ARS § 23-363.

65.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under ARS § 23-355.

<u>**COUNT ONE: ARIZONA MINIMUM WAGE ACT**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>
<u>**ALL DEFENDANTS**</u>

66.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.    As a result of not paying Plaintiff any wage whatsoever the hours she spent redesigning Defendants' restaurant menu, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

68.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

69.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kimber Hollon, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT SANTORINI GREEK CAFE, LLC., ONLY**

70.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.    As a result of the allegations contained herein, Defendant Santorini Greek Cafe, LLC. did not compensate Plaintiff wages due and owing to her.

72. Defendant Santorini Greek Cafe, LLC. engaged in such conduct in direct violation of A.R.S. § 23-350.

73. Defendant Santorini Greek Cafe, LLC. acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

74. Defendant Santorini Greek Cafe, LLC. sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

75. As such, unpaid wages for such time Plaintiff worked, are owed to Plaintiff for the entire time he was employed by Defendant Santorini Greek Cafe, LLC.

76. Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Kimber Hollon, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Santorini Greek Cafe, LLC.:

A. For the Court to declare and find that Defendant Santorini Greek Cafe, LLC. violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## COUNT THREE: FLSA – MINIMUM WAGE
## IMPROPER TIP RETENTION
## ALL DEFENDANTS

77.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.    Defendants did not allow Plaintiff to retain all tips she earned, in violation of 29 U.S.C. § 203(m).

79.    Specifically, Defendants confiscated tips that Plaintiff earned and redirected those tips directly to Defendants.  Such policy and practice resulted in Defendants retaining tips that Plaintiff earned, in violation of 29 U.S.C. § 203(m) and the CAA.

80.    Plaintiff is therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Kimber Hollon, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by confiscating tips that Plaintiff earned;

C.    For the Court to award Plaintiff damages for improperly withheld tips, to be determined at trial;

D.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

E.    For the Court to award prejudgment and post-judgment interest;

F.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

G.    Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 5th day of February, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-14-

## **VERIFICATION**

Plaintiff, Kimber Hollon, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Kimber Hollon (Feb 4, 2025 19:08 MST)
Kimber Hollon